WILLIAM HALE *vs.* TIMOTHY HUSE.

A judgment on an award in favor of the builder against the owner of a house, upon a submission of all demands between them, is no bar to an action against the builder by the owner to recover a sum which he is subsequently, though before paying the amount awarded, obliged to pay to discharge the mechanic's lien of a workman employed by the builder, which has not been included in the award. And the owner may, without previous demand or notice, maintain such action, to recover the amount so paid, including the costs of the proceeding to enforce the mechanic's lien.

The testimony of arbitrators, or a majority of them, is admissible to show whether a certain claim was included in their award.

ACTION OF CONTRACT for money paid to the defendant's use. At the trial in the court of common pleas, before *Mellen*, C. J., it appeared that in 1853 the defendant began to build a house for the plaintiff, but before it was finished a disagreement arose between them, and in January 1854 the defendant sued the

plaintiff; and that in March the parties, by submission before a justice of the peace, referred " all matters and demands between them " to three arbitrators, who in May awarded to the defendant a specific sum, for which at June term he obtained judgment and execution, upon which on the 6th of July 1854 a return was made of payment in full, except one hundred dollars.

The plaintiff was allowed, against the defendant's objection, to offer evidence of the following facts: Hiram S. Brown, a laborer who had been employed by the defendant in building the house, filed a petition to enforce his lien in January 1854, which was entered at the ensuing March term of the court of common pleas, and an order of notice was thereon issued and published, returnable at June term, when a default was entered, and the cause continued until March term 1855, when the court passed an order for the sale of the property to satisfy the amount of Brown's bill and costs, which the plaintiff paid. After the execution for the amount of the award had been issued, the plaintiff's agent called upon the attorney of the defendant and of Brown, and told him that Hale ought not to pay the whole amount of the execution as long as Brown's petition was pending, inasmuch as the arbitrators had included Brown's labor in their award. The attorney replied that it was not so included and declared his intention to require payment of both sums, but consented that a hundred dollars should remain unsatisfied upon the execution until it should be decided who should pay Brown. The jury were afterwards instructed that this evidence should not be considered as showing any contract on the part of Huse, but that it was only competent on the question whether the arbitrators did in fact include Brown's claim in their award. On the 21st of April 1855 an *alias* execution was sued out by the defendant for the balance due, and was afterwards returned satisfied in full by a seizure and sale of the plaintiff's property.

The judge, against the defendant's objection, allowed two of the arbitrators to testify, " that in making their award they did not take the matter of Brown's lien into consideration, but allowed for all the work done on the house by the defendant or any of his workmen ; and that they arrived at their result by

deducting from the contract price such sum as in their judgment it would cost to finish the house, disregarding the defendant's bill for days' works."

The defendant objected " that the action could not be maintained, on the ground that this was an attempt to impeach collaterally the award of the referees; that no action lies to recover money paid on a judgment of court still unreversed; that the judgment upon Brown's petition could not affect this defendant, being *res inter alios;* that as Hale paid the money on Brown's decree of sale before he satisfied the defendant's execution, he did not pay it to the defendant's use; that the plaintiff's proper remedy, if he has any, was to review or reverse the judgment upon the award; and that he had not called all the referees, but had undertaken to show the judgment of all by the testimony of but two." But the court refused so to rule, and stated that the jury would be instructed that the plaintiff could recover, if he satisfied them that the referees included Brown's claim in the award.

The defendant then requested the court to rule, " that the defendant was entitled to a demand before the action could be maintained; and that the plaintiff could not recover without proof of notice to the defendant that payment had been made of Brown's bill." But this request was overruled.

The defendant then testified, " that when he met the referees the plaintiff spoke of Brown's lien; that the defendant made his claim in writing, and that Brown's claim, or the amount of labor performed by Brown, was not included; that he expressly told the referees so, and stated to them that he did not make any claim for that, and requested them to omit it; and that when this suit was commenced he did not know that the referees had not complied with his request."

The defendant thereupon, renewing his former requests fo instructions, also requested the court to instruct the jury, " that if they were affirmatively satisfied that the defendant had had no notice, as above, before action brought, the plaintiff could not recover;" and " that if the jury were satisfied that Huse expressly withdrew the amount of Brown's labor from the con-

9 *

sideration of the referees, then it was not within the submission, and the action could not be maintained." But the court refused; and instructed the jury " that even if they were satisfied that Huse gave the referees notice that he did not claim that, and they nevertheless passed upon it, and included it in the award, the defendant would be liable in this action; and that the plaintiff was entitled to recover, if at all, the amount paid by him upon Brown's petition, including the costs."

The jury returned a verdict accordingly, and the defendant alleged exceptions.

*S. B. Ives, Jr.,* for the defendant.

*O. P. Lord,* for the plaintiff.

BY THE COURT. The proceedings to enforce Brown's lien were the basis of the claim now in suit, and evidence of those proceedings was therefore rightly admitted.

The statement of the defendant's attorney was competent evidence against his principal, as an admission about a matter in which he was an authorized agent.

The evidence of the arbitrators was not offered to impeach their award, but to show that this claim was not included in it; and for this purpose was clearly admissible. And the obligation of Huse to Hale, now sought to be enforced, could not have been embraced in the submission to arbitration, because it did not become a debt until Hale had paid Brown. Hale could not safely pay Brown till judgment; but then it became the duty of Huse to save Brown harmless. This he did not do.

Huse knew of Brown's claim, and therefore no notice to him was necessary. And the costs were rightly included, for Huse might have stopped them at any time by paying Brown's claim,

*Exceptions overruled.*